UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Roger LaBelle,    Civ. No. 04-4160 (PAM/RLE)

               Plaintiff,

v.    **MEMORANDUM AND ORDER**

City of Roseville, Minnesota; City of
Roseville Police Department; Officer
Jorgensen; Officer Stefani; Officer
Higgins; Officer Perkins; and Officer
Johnson,

               Defendants.

This matter is before the Court on Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 37. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff filed this action on September 21, 2004, asserting a violation of 42 U.S.C. § 1983 and claims for assault, battery, infliction of emotional distress, excessive force, false imprisonment, gross negligence, and negligence. Plaintiff was represented by Paul Egtvedt, but Mr. Egtvedt was allowed to withdraw from the case on August 24, 2005, because of Plaintiff's ongoing failure to communicate with him. Plaintiff proceeded without substitution of counsel.

In July 2005, Defendants served interrogatories and requests for production of documents on Plaintiff, who did not respond. On September 21, 2005, Defendants moved to compel discovery. Plaintiff did not respond to the motion, and he did not appear at the hearing.

On October 18, 2005, Magistrate Judge Raymond L. Erickson ordered Plaintiff to provide complete discovery responses within thirty days or risk the "full panoply of sanctions" under Rule 37. (Order at 3, Oct. 18, 2005.) Plaintiff did not provide any discovery, nor did he explain his failure to respond. Consequently, Defendants now move for dismissal with prejudice. Plaintiff did not respond to the Motion, and he did not appear at the hearing.

**DISCUSSION**

Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions for failure to comply with discovery orders. However, the Eighth Circuit Court of Appeals has warned that dismissal is an extreme sanction and therefore should be used sparingly. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). Accordingly, to justify dismissal of this case, the Court must find that Plaintiff's noncompliance with the discovery order was willful or in bad faith and that Defendants were prejudiced. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980); Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 719 (8th Cir. 2002); Schoffstall, 223 F.3d at 824. The Court may find willful disobedience sufficient to support dismissal when a party blatantly disregards a court order. Schoffstall, 223 F.3d at 824; Fletcher v. S. Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir. 1985). A finding of prejudice is proper if the failure to participate in discovery "impairs an opponent's ability to determine the factual merits of a party's claim." In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) (citing Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 559 (8th Cir. 1992)). The United States Supreme Court has instructed that Rule 37 sanctions should be applied to effectuate the principles of penalizing those who have acted wrongly and deterring others who might be tempted to act

similarly. Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976). These principles apply to pro se litigants. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000).

In the present case, Plaintiff was admonished at the August 2005 hearing to abide by the Pretrial Order and Federal Rules of Civil Procedure. Nevertheless, Plaintiff did not respond to discovery requests. After Defendants brought a motion to compel, Plaintiff also failed to comply with the order compelling discovery. Plaintiff has utterly failed to explain his inaction. Based on these events, the Court concludes that Plaintiff's noncompliance with the order compelling discovery was willful. Further, Defendants have been not been able to conduct discovery in this case, which has prejudiced them in determining the factual merits of Plaintiff's claims. Defendants are entitled to dismissal of this action with prejudice.

**CONCLUSION**

Plaintiff has displayed a willful disregard for the Federal Rules of Civil Procedure and Court orders. Moreover, Defendants have suffered prejudice because of Plaintiff's failure to participate in discovery. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Dismiss (Clerk Doc. No. 31) is **GRANTED**; and

    2.       The Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 9, 2006

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge